UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASEN LYNN DUSHANE,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY JAIL,<br><br>Defendant. | No. 2:13-cv-2518-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff consents to the jurisdiction of the undersigned. ECF No. 9; *see* 28 U.S.C. § 636(c); E.D. Cal. L.R. 305. Currently pending before the court are plaintiff's motions for preliminary injunctive relief (ECF Nos. 11, 12), plaintiff's motion to amend the complaint (ECF No. 14), and plaintiff's motion to proceed in forma pauperis (ECF No. 15). For the following reasons, the court will grant plaintiff's motions to proceed in forma pauperis and to amend the complaint but deny the motions for injunctive relief.

**I.      Motion to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2), and the court will therefore grant plaintiff leave to proceed in forma pauperis. Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

**II.     Motion to Amend the Complaint**

Since plaintiff filed this action in December 2013, he has filed two amended complaints. Apparently having learned that the Federal Rules of Civil Procedure require the court's permission to file more than one amended complaint (Rule 15(a)), plaintiff now asks the court's permission to amend. It is not clear, however, whether plaintiff wishes the court to accept his second amended complaint (ECF No. 8) or whether plaintiff would like to file a third amended complaint.

The court will grant plaintiff leave to amend. Within 30 days of the date of this order plaintiff shall either (1) file a third amended complaint or (2) inform the court that he wishes to proceed on the second amended complaint filed December 23, 2013.

**III.    Motions for Injunctive Relief**

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.,* 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. In cases brought by prisoners involving conditions of confinement,

any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff's most recent amended complaint charges that medical personnel at the Sacramento County Jail have refused to provide him with appropriate psychiatric medication and time outside of his cell in violation of the Eighth Amendment, have refused him kosher meals in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and have retaliated against him in violation of the First Amendment. ECF No. 8. He seeks an injunction requiring jail personnel to provide him with kosher meals, three hours exercise outside his cell per week, personal reading material, and the medications Welbutrin and Seroquel. ECF No. 11. Attached to the motion is: (1) a "Certificate of Fellowship" recognizing plaintiff as a "licensed minister of the gospel in good standing" from the "Full Gospel Evangelistic Association" of Wofford Heights, California (*id.* at 5) and (2) a portion of an "ED Record" from Sierra Nevada Memorial Hospital dated April 1, 2011, showing plaintiff's current medications as Seroquel and Welbutrin (*id.* at 7).

As to the merits of his action, plaintiff argues simply that "[i]t is very likely that [he] will show that his rights have been violated." ECF No. 11 at 1. Plaintiff claims that he is "forced to eat food that he believes is not sound for his body and spirit or starve." *Id.* at 2. He further alleges that he has wrongfully been placed "on Discipline" and that his exercise and books have been taken away as a form of punishment. *Id.* Lastly, plaintiff claims that he has not been prescribed proper medications. *Id.* at 3. Plaintiff has not attempted to show, however, that he will be likely to establish the elements of his claims under the First and Eighth Amendments and RLUIPA.[1] Instead, plaintiff merely reiterates the factual allegations of his complaint.

---

[1] The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. The circumstances, nature,

Because plaintiff has failed to show that he is likely to succeed on his claims or even that there are substantial questions on the merits of this action, his request for a preliminary injunction

---

and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. The more basic the need, the shorter the time it can be withheld." *Johnson v. Lewis*, 217 F.3d 726, 731-732 (9th Cir. 2000) (quotations and citations omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (discussing how the denial of exercise may violate the Eighth Amendment, depending on the circumstances).

Negligence does not amount to a violation of a federal constitutional or statutory right. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]"); *see also id*. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.").

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id*. at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id*.  It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff provides no evidence that he has been deprived of outdoor exercise to an extent that amounts to an Eighth Amendment violation nor has he shown that the medical decisions regarding his psychiatric medications have been made with deliberate indifference.

To succeed on a claim under RLUIPA, plaintiff bears the initial burden of showing that a defendant substantially burdened his exercise of religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005). Plaintiff claims to require kosher meals but has provided no evidence that his membership in the "Full Gospel Evangelistic Association" of Wofford Heights, California mandates a kosher diet.  Nor has he provided evidence substantiating his claim that a kosher diet is not being provided to him.

4

1  will be denied at this time.  Plaintiff may again seek an injunction in the future, however, should
2  he be able to make the showing required by *Winter*.

3      Plaintiff also requests that the Sacramento County Jail be informed of his "pro se" status
4  and ordered to provide him with two hours in the library and one phone call to a family member
5  for research purposes.  ECF No. 12.  Plaintiff has been representing himself in a criminal case and
6  has been granted certain privileges in order to do so, but he has provided the court with no
7  authority indicating that a jail inmate litigating a civil case in pro per is entitled to such privileges.
8  To the extent that the jail requires some proof of plaintiff's pro se or in forma pauperis status for
9  plaintiff to be provided time in the law library, this order, granting plaintiff leave to proceed in
10 forma pauperis, may serve as such proof.  It is otherwise unclear that plaintiff is being denied
11 sufficient library access and/or resources to effectively litigate.  Accordingly, the court declines to
12 issue an order regarding library time and phone calls as requested by plaintiff at this time.  Should
13 jail officials refuse plaintiff library time or resources in the future or otherwise interfere with his
14 ability to litigate this case, plaintiff may again seek relief from the court.

15 **IV.    Order**

16      For the foregoing reasons, it is hereby ORDERED that:

17    1. Plaintiff's March 10, 2014 motion to proceed in forma pauperis (ECF No. 15) is
18       granted;

19    2. Plaintiff's January 13, 2014 motion for preliminary injunction (ECF No. 11) is denied
20       without prejudice;

21    3. Plaintiff's January 31, 2014 motion for an order to allow access to the law library
22       (ECF No. 12) is denied without prejudice; and

23    4. Plaintiff's February 14, 2014 motion for leave to file an amended complaint (ECF No.
24       14) is granted.  Plaintiff shall have 30 days from the date of this order to file such

25 /////
26 /////
27 /////
28 /////

1  amended complaint or to inform the court that he wishes to proceed on the second
2  amended complaint filed December 23, 2013.
3  DATED: April 9, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6