UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASEN LYNN DUSHANE, Plaintiff, v. SACRAMENTO COUNTY JAIL, Defendant. | No. 2:13-cv-2518-EFB P <br> ORDER |

Plaintiff, a federal prisoner or detainee who spent some time incarcerated in the Sacramento County Main Jail ("SCMJ"), is proceeding without counsel in a civil rights action alleging that jail staff violated his federal rights.[1] In an earlier screening order, the court dismissed plaintiff's Fourth Amended Complaint for failure to state a claim but granted plaintiff leave to amend as a further opportunity to state a cognizable claim. ECF No. 27. Plaintiff has now filed a Fifth Amended Complaint which is before the court for screening. He has also filed a motion for reconsideration of this court's ruling denying plaintiff appointment of counsel and denial of class action status. ECF Nos. 28, 29.

/////

/////

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). Plaintiff has been granted leave to proceed *in forma pauperis*. ECF No. 16.

**I. Motion for Reconsideration**

Plaintiff's motion for reconsideration presents the court with no reason to depart from its rulings denying him counsel and denying his request to pursue this action on behalf of a class. The reasons for those rulings, as stated in the order of August 6, 2014 (ECF No. 27), remain sound. The motion for reconsideration is denied.

**II. Screening of Fifth Amended Complaint**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff's amended complaint relies upon numerous references to this court's screening order and plaintiff's prior pleadings. *E.g.*, ECF No. 29 at 3-4, 5, 6, 7-8, 10. This pleading practice is not permitted. The complaint must stand on its own. Plaintiff may not incorporate his prior complaint or this court's orders by reference to supply the prerequisites for stating a claim. Rather, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1567, 1474 (9th Cir. 1997) (overruled in part on other grounds by *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012)), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 15-220. Accordingly, all claims which plaintiff attempts to incorporate by reference to his prior pleading are dismissed with leave to amend. These include plaintiff's claims against defendants Pattison, Andris, Jones, Massa, Rider, Wyant, Millican, Roberts, Yee, Gomez, Blane, Love-Munoz, Steed, and Gonsalves, plaintiff's claim regarding the "safety suit program," plaintiff's claim regarding out-of-cell exercise, and plaintiff's claim regarding inmate-to-inmate correspondence. ECF No. 29 at 2-5, 7-9. If plaintiff wishes to pursue these claims, he must file an amended complaint that is complete, without reference to prior complaints or orders of this court. E.D. Cal. L.R. 15-220.

Further, plaintiff's Fifth Amended complaint does not properly identify in the caption the specific defendants he is attempting to sue. He lists only the Sacramento County Jail ("SCMJ"). Elsewhere, in the body of the complaint, he names Sherriff Scott Jones and Captains Pattison and Andris, who plaintiff claims are responsible for the policies being used allegedly to violate plaintiff's federally protected rights. He also names Lieutenants Massa, Rider, Wyant, Millican, Roberts, Yee, Gomez, Blanc, Love-Munoz, Steed, Gonsalves, and Dr. Gregory Solokalov and makes a generalized allegation that they somehow violated his rights by allegedly ignoring his

complaints. Any amended complaint shall list in the caption each of the defendants who are being sued.

Plaintiff is further admonished that he must state facts sufficient to support a claim against each individual defendant. It is not sufficient to allege generally that plaintiff made complaints and that a large group of defendants ignored those complaints. Such allegations are too vague for the court to evaluate the claim. Plaintiff must allege the specific complaint lodged to the specific individual and any other facts which he believes make out a claim for relief with respect to each individual defendant.

Plaintiff's Fifth Amended Complaint does contain some specific factual allegations. First, plaintiff asserts that SCMJ psychiatric services conducted interviews through cell doors, forcing plaintiff to reveal highly personal information in order to obtain treatment. ECF No. 29 at 5-7. Plaintiff also alleges that SCMJ operated under a policy allowing staff to punish inmates by taking away their books and exercise privileges. *Id.* at 7-8. Plaintiff alleges that he was punished under this policy for over 50 days. *Id.* Plaintiff alleges that this violates his Eighth Amendment right to exercise.

These allegations may be cognizable for § 1915A purposes if plaintiff had identified a proper defendant. However, plaintiff has sued SCMJ, which is not a proper defendant. Claims under § 1983 may be directed at "bodies politic and corporate." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 688-89 (1978). While § 1983 actions may be pursued against municipalities and other local government units, SCMJ is not such an entity. In California, the responsibility for operating jails and caring for prisoners therein is placed by law on the sheriff and the county. Cal. Pen. Code § 4000. SCMJ is not a local government unit but rather the building and facilities operated by the County of Sacramento and its sheriff in the discharge of their statutory duties. Accordingly, plaintiff's claims that SCMJ violated his rights in connection with non-confidential psychiatric interviews and punishment of inmates by confiscation of books and exercise privileges must be dismissed with leave to amend to allow plaintiff to attempt to sue a proper defendant.

Some of plaintiff's claims against SCMJ must be dismissed without leave to amend. Plaintiff alleges that SCMJ does not provide certain inmates with proper cleaning equipment to clean their cells. *Id.* at 8-9. Plaintiff again fails to allege how his constitutional or other federal rights were thereby violated, and this claim is therefore dismissed. Plaintiff has been provided adequate opportunity to amend this claim to make it cognizable but has been unable to so. Accordingly, the claim will be dismissed without further leave to amend.

Plaintiff alleges that SCMJ has housed him with persons convicted of heinous crimes who are volatile. *Id.* at 9. Plaintiff alleges that this made him depressed. Plaintiff's allegations do not make out a violation of the Constitution as he has stated no facts showing that the inmates of whom he complains posed an unreasonable risk of danger to him. Because plaintiff has already been provided an opportunity to amend this claim to make it cognizable, but has not done so, this claim also will be dismissed without leave to amend.

If plaintiff elects to file an amended complaint, he must include only related claims, state sufficient facts as to each defendant such that the court can evaluate the claim, and include all claims he wishes to pursue in this action without reference to any prior pleading or order.

**III. Order**

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 28) is denied.
2. Plaintiff's claims regarding cleaning equipment and being housed with dangerous inmates are dismissed without leave to amend as discussed in the body of this order.
3. The fifth amended complaint (ECF No. 29) is dismissed with leave to amend as noted in this order.
4. If plaintiff elects to file an amended complaint to cure the deficiencies noted in this order, he shall do so within 30 days of the date of service of this order.

DATED: February 10, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE