UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASEN LYNN DUSHANE, | No. 2:13-cv-2518 EFB P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding without counsel in this civil rights action concerning events that occurred while he was housed at the Sacramento County Main Jail ("SCMJ").[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). Plaintiff's prior two amended complaints have been dismissed with leave to amend under the court's screening obligation. In response to the latest screening order, plaintiff filed a sixth amended complaint (ECF No. 33) and then, a week later, filed what he styled as a "supplemental complaint," citing Federal Rule of Civil Procedure 15(d) (ECF No. 36).

---

[1] The court noted in a prior screening order that it is not clear whether suits brought by a federal inmate against employees at a local correctional facility housing federal prisoners pursuant to contract with the federal government should be brought under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) or 42 U.S.C. § 1983. ECF No. 27 at 3-4. For the purposes of screening only, the court permits plaintiff's claims to proceed as potentially considered cognizable under either § 1983 or *Bivens* and defers determination of the proper vehicle for this suit until later proceedings with appropriate briefing on the question.

1

The filing of two complaints following the prior dismissal results in some confusion on the docket. Plaintiff's "supplemental complaint" is a photocopy of his sixth amended complaint with some additional claims added in extra inserted pages. These additional claims do not concern events arising after the filing of the sixth amended complaint, and therefore the complaint is not truly a "supplemental" one under Rule 15(d). Nevertheless, it contains the entirety of the sixth amended complaint and the claims plaintiff apparently intended to include and forgot, but submitted one week later. Because it is apparent that plaintiff intends to assert all claims in the latter document, the court will treat the entirety of docket number 36, the so-called supplemental complaint, as the true sixth amended complaint. ECF No. 36 will serve as plaintiff's currently-operative pleading in this case. The earlier filed document (ECF No. 33) that was labelled as the sixth amended complaint will be disregarded.

I.   **Screening Pursuant to 28 U.S.C. § 1915A**

A.  **Screening Requirements and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

/////

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### B. Analysis

Before assessing the claims currently asserted by plaintiff, the court notes that plaintiff has included the Sacramento County Sheriff's Department as a defendant in this action (along with the county and Sheriff Scott Jones[2]). The Sheriff's Department, which is a local law enforcement department of Sacramento County, is not a "person" subject to suit under § 1983. *Daniels v. Medical Servs. Div.*, No. 15cv0030 BEN (BLM), 2015 U.S. Dist. LEXIS 20111, at *3-4 (S.D. Cal. Feb. 18, 2015). Therefore, the court will dismiss the department from the action.

/////

---

[2] To the extent that plaintiff's claims are predicated under *Bivens* rather than § 1983 (*see* footnote 1, above), it is questionable whether the county (and its sheriff in his official capacity) may be sued. The court could locate no authority regarding the viability under *Bivens* of a suit against a municipal agency that contracts with the federal government. Further, in another context the U.S. Supreme Court has held that federal agencies are not subject to suit under *Bivens*. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) ("special factors counselling hesitation" against implying *Bivens* remedy against agencies of the United States). If jail staff are considered federal officials rather than state actors due to both the contract between the federal government and the county jail and the function the jail staff perform of housing and supervising federal prisoners/detainees, it could be argued that the jail is serving in part as a federal entity when it acts to house federal prisoners. In any event, as noted in footnote 1, above, the court will examine this claim under § 1983, as it may be cognizable under that statute.

1        Claim 1: "Safety Suit" Policy.  Plaintiff alleges that, after he attempted suicide by
2   hanging, he was placed in a "safety suit" for 30 days without a towel or underwear.  ECF No. 36
3   at 3, 6.  According to plaintiff, this was not only embarrassing, but an inadequate response to his
4   suicide attempt, because he was still housed with the general population and was able to access
5   "unsafe" materials.  *Id.* at 3.  Plaintiff claims that another inmate in a safety suit hung himself in
6   front of plaintiff's cell.  *Id.*  Plaintiff alleges that he grieved the policy to the director of
7   psychiatric services at SCMJ, defendant Solokalov, but Solokalov denied the grievance.  *Id.* at 4.
8   Plaintiff alleges that defendants Rider, Massa, Andris, and Steed also reviewed and denied the
9   grievance.  *Id.*

10       For the limited purposes of § 1915A screening, the court finds that plaintiff's "safety suit"
11  allegations suffice to state a cognizable Eighth Amendment claim against Sacramento County and
12  defendant Jones.  A local government entity is a "person" subject to liability under 42 U.S.C.
13  § 1983 where the entity's official policy or custom causes a constitutional tort, *see Monell v.*
14  *Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held
15  vicariously liable for the unconstitutional acts of its employees under the theory of respondeat
16  superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown,* 520 U.S. 397, 403 (1997); *Monell*,
17  436 U.S. at 691.  To impose municipal liability under § 1983 for a violation of constitutional
18  rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or
19  she was deprived; (2) that the municipality had a policy (or deliberately failed to have a necessary
20  policy); (3) that this policy (or absence of policy) amounts to deliberate indifference to the
21  plaintiff's constitutional rights; and (4) that the policy (or absence thereof) is the moving force
22  behind the constitutional violation.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1193-95 (9th
23  Cir. 2002); *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).
24  Plaintiff has adequately pleaded that the county, through its sheriff defendant Jones, operated
25  SCMJ under a policy of placing suicidal inmates in safety suits and that the policy caused jail
26  staff to place him in a safety suit, which was a deliberately indifferent response to his suicidality.
27       Plaintiff has not stated a cognizable Eighth Amendment claim against defendants
28  Solokalov, Rider, Massa, Andris, and Steed regarding the "safety suit" policy.  It is currently an

4

1  open question in the Ninth Circuit whether an appeals reviewer who learns of a constitutional
2  violation through the appeals process and fails to intervene is personally involved in the violation
3  such that he or she may be subjected to liability under § 1983.  *Nicholson v. Finander*, No. CV
4  12-9993-FMO (JEM), 2014 U.S. Dist. LEXIS 50716, at *21-22 (C.D. Cal. Feb. 11, 2014); *Pogue
5  v. Igbinosa*, No. 1:07-cv-01577-GMS, 2012 U.S. Dist. LEXIS 23150, at *22-26 (E.D. Cal. Feb.
6  23, 2012).  Some courts have concluded that an appeals reviewer may be liable if the reviewer
7  had the authority and opportunity to prevent or curtail the violation but failed to do so.  *Herrera v.
8  Hall*, No. 1:08-cv-01882-LJO-SKO PC, 2010 U.S. Dist. LEXIS 70611, at *13 (E.D. Cal. July 14,
9  2010).  The court will assume, for screening purposes that defendant Solokalov, as the director of
10 psychiatric services at the jail, had the authority to decline to enforce the safety suit policy.
11 However, plaintiff states that he did not present his grievance about the policy until "after the
12 fact"; that is, when he was no longer in the safety suit and thus Solokalov, Rider, Massa, Andris,
13 and Steed had no opportunity to prevent or curtail the alleged Eighth Amendment violation.  ECF
14 No. 36 at 3.  Additionally, plaintiff has not alleged that these defendants had the authority to
15 refuse to enforce the safety suit policy.  Accordingly, for screening purposes, plaintiff's "safety
16 suit" claim may proceed against defendants Sacramento County and Sheriff Scott Jones, but will
17 be dismissed as to defendants Solokalov, Rider, Massa, Andris, and Steed.
18         Claim 2: No Yard Access.  Plaintiff alleges that, when he was housed at SCMJ, he was
19 classified as a "T-Sep" inmate.  *Id.* at 4.  He claims that he was never provided any outside yard
20 recreation during the nearly-two years he spent at the jail, because the county failed to promulgate
21 a policy providing outside time for T-Sep inmates.  Plaintiff asserts this claim against Sacramento
22 County, Sheriff Jones, Dr. Solokalov, and various jail staff (Rider, Massa, Andris, Pattison, and
23 Steed), because all of these individuals "were responsible for the care of Dushane."  *Id.*
24         For the limited purpose of screening, the court finds that plaintiff has stated a cognizable
25 Eighth Amendment claim against defendants Sacramento County and Scott Jones, as
26 policymakers for the jail, regarding the denial of yard recreation.  Plaintiff has failed to state facts
27 showing the personal involvement of any other defendant in this alleged constitutional violation,
28 and the claim will accordingly be dismissed as against all other defendants.

<u>Claim 3: Limited Out-of-Cell Time.</u>  Plaintiff alleges that, as a T-Sep inmate, he was allowed only 3 hours out of his cell each week pursuant to jail policy in effect from July 2012 to February 2014.  *Id.* at 5.  Due to the limited time, plaintiff could exercise only 90 minutes each week if he chose to shave and shower.  *Id.*  The policy changed in February 2014 to allow 30 minutes per day out of cell, but plaintiff still had to choose whether to use the time to shower and shave or exercise.  Plaintiff presented a grievance regarding the limited time out of cell, but it was denied by defendants Rider, Massa, Andris, Pattison, and Reed.[3]

For the limited purpose of screening the complaint, the court finds that plaintiff has stated a cognizable claim against defendants Sacramento County and Scott Jones with regard to his allegations that inadequate exercise time was provided during his incarceration at the jail.  Plaintiff has not stated a cognizable claim against any other defendant.  While plaintiff alleges that defendants Rider, Massa, Andris, Pattison, and Reed denied his grievance on the issue, he has not alleged that these jail staffers had the authority to change or refuse to enforce the policy.

<u>Claim 4: Cell-Door Psychiatric Interviews.</u>  Plaintiff alleges that the jail operated under a policy or procedure to conduct all psychiatric interviews with inmates through their cell doors.  This forced him to reveal highly personal information in front of many other inmates on many occasions.  His grievance regarding this alleged violation of his privacy was denied by defendants Solokalov, Massa, Rider, Andris, Pattison, and Steed.

For the limited purpose of § 1915A screening, the court finds that plaintiff has stated a cognizable claim against defendants Sacramento County and Scott Jones that the jail's practice or policy of conducting psychiatric interviews in this manner violates a constitutional privacy interest.  Plaintiff has not alleged facts showing that any other defendant was involved in promulgating the policy or could have intervened to reform the policy or decline to enforce it.  Accordingly, Claim 4 will be dismissed as to all other defendants.

/////

---

[3] Plaintiff did not include defendant Reed in the caption despite the court's admonition that the complaint must list all defendants in the caption.  ECF No. 31 at 3-4 ("Any amended complaint shall list in the caption each of the defendants who are being sued.").

      Claim 5: Punishment by Forfeiture of Exercise Time and Books. Plaintiff alleges that, pursuant to a policy or custom, jail staff punished plaintiff many times by confiscating his books and taking away his out-of-cell exercise time. When he tried to grieve the punishment, defendants Rider, Massa, Pattison, Andris, and Reed told him he couldn't. Plaintiff alleges that this policy or practice violated his rights under the First and Eighth Amendment. Plaintiff asserts this claim against all defendants.

      For the limited purpose of screening, the court finds that plaintiff has stated cognizable claims under the First and Eighth Amendments against defendants Sacramento County and Scott Jones with regard to the policy alleged. Plaintiff has additionally stated a cognizable First Amendment claim against defendants Rider, Massa, Pattison, Andris, and Reed for refusing to allow plaintiff to file a grievance challenging the policy. Plaintiff has stated no facts showing the involvement of defendant Solokalov with the policy or custom of taking away exercise time and books as punishment, and the claim will therefore be dismissed as against defendant Solokalov.

      Claim 6: No Bed Sheets. Plaintiff alleges that he was never given sheets for his bed during his near-two-year stint at the jail pursuant to a jail-wide policy. Plaintiff alleges that it is "unhealthy to sleep without sheets" but does not explain why. Plaintiff does not allege that his bed was unsanitary or that he was provided insufficient bedding for warmth. Plaintiff has failed to state facts showing that the denial of bed sheets deprived him of the minimal civilized measure of life's necessities, and thus has failed to state a cognizable Eighth Amendment claim with regard to Claim 6. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (prison conditions may constitutionally be restrictive and harsh but may not deprive the inmate of the minimal civilized measure of life's necessities).

      Claim 7: No Inmate-to-Inmate Correspondence. Plaintiff alleges that SCMJ operates under a policy that disallows all inmate-to-inmate correspondence. For the limited purpose of screening, the court finds that plaintiff has stated a cognizable claim against defendants Sacramento County and Sheriff Scott Jones that the policy of disallowing all inmate-to-inmate correspondence violates the First Amendment.

/////

Plaintiff alleges that defendants Massa, Rider, Pattison, Andris, and Steed denied his grievance of the mail policy. Because the complaint lacks any allegation that these defendants had the authority to alter the policy, plaintiff has failed to state a cognizable claim against them based on their involvement in reviewing his grievance.

Claim 8: No Grievance-Filing on Behalf of Others. Plaintiff alleges that he raised several complaints concerning the treatment of his fellow inmates, but was ordered by two John Doe jail staffers to stop speaking out for them. Based on these allegations, plaintiff asserts a First Amendment claim against all defendants. However, plaintiff has included no allegations showing the involvement of any named defendant in the conduct alleged. Nor has plaintiff alleged a policy in effect at the jail such that liability could be imposed against defendants Sacramento County and Sheriff Scott Jones. Further, the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, the court recognizes that situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. Accordingly, should plaintiff learn the identity of these staff members during discovery, he may move to amend his complaint to include them in this action at a later date.

**II.     Plaintiff's Motion for an Order Granting Library Access**

Plaintiff has filed a motion seeking a court order compelling staff at his current institution of incarceration (Northern Nevada Correctional Center) to allow him physical access to the law library. ECF No. 30. According to plaintiff, that institution allows physical access only with a court order and otherwise provides a paging system through which inmates can request library materials from untrained inmate law clerks.

Rather than seeking some early remedy from defendants for a wrong alleged in this action, plaintiff's motion seeks an order compelling a non-party to take a course of action plaintiff believes will be necessary for his litigation of this case. This request is thus not for a preliminary injunction in the traditional sense, but is more correctly viewed as a request for an interlocutory

/////

/////

order that this court is authorized to issue under the All Writs Act, 28 U.S.C. § 1651. *See, generally, Fitzpatrick v. California City*, No. 1:96-CV-5411 AWI SMS, 2014 U.S. Dist. LEXIS 67950, at *15-16 (E.D. Cal. May 16, 2014).

The All Writs Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). It is meant to aid the court in the exercise and preservation of its jurisdiction. *Plum Creek Lumber Company v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977).

To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999). Here, plaintiff has not provided the court with sufficient information from which the court can conclude that the order he seeks is necessary. His motion does not provide reasons why he cannot adequately litigate this case at this stage by using the paging system currently in place. Nor does plaintiff provide any information regarding his attempts to administratively challenge the paging system and obtain physical access to the library. Accordingly, the court will deny the motion for an order compelling physical law library access without prejudice. Plaintiff may file a new motion seeking such an order and supported by the required showing of necessity.

**III.   Order**

1. ECF No. 33, labelled by plaintiff as his "sixth amended complaint" shall be disregarded. ECF No. 36, labelled by plaintiff as a "supplemental complaint" is construed as plaintiff's sixth amended complaint and will serve as his currently-operative pleading in this case.

2. Sacramento County Sheriff's Department is dismissed from this action.

/////

3. Plaintiff's claims that he was denied bed sheets (identified as Claim 6 herein) and that he was ordered by two John Doe jail staffers not to speak up for other inmates (identified as Claim 8 herein) are dismissed with leave to amend.

4. For the limited purpose of § 1915A screening, plaintiff has stated cognizable claims against Sacramento County and Scott Jones with regard to jail policies or practices governing: (1) "safety suits" (identified as Claim 1 herein); (2) outside recreation (identified as Claim 2 herein); (3) out-of-cell exercise (identified as Claim 3 herein) (4) non-confidential psychiatric interviews (identified as Claim 4 herein); (5) confiscation of out-of-cell time and books as punishment (identified as Claim 5 herein); and (6) inmate-to-inmate correspondence (identified as Claim 7 herein). Plaintiff has further stated a cognizable claim against defendants Rider, Massa, Pattison, Andris, and Reed for refusing to allow plaintiff to file grievances to challenge the policy of punishing inmates by taking their out-of-cell time and books (identified as Claim 5 herein).

5. Plaintiff's claims against defendants Solokalov, Rider, Massa, Andriss, Pattison, Steed, and Reed are dismissed with the sole exception of plaintiff's claim that defendants Rider, Massa, Pattison, Andris, and Reed refused to allow plaintiff to file grievances to challenge the policy of punishing inmates by taking their out-of-cell time and books. Plaintiff may proceed on the cognizable claims identified above only or he may file an amended complaint attempting to cure these other claims. Plaintiff is not obligated to amend the complaint.

6. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the "supplemental" complaint filed March 2, 2015 (ECF No. 36), seven USM-285 form and instructions for service of process on Sacramento County, Scott Jones, Rider, Massa, Andris, Pattison, and Reed.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and eight copies of the March 2, 2015 complaint (i.e. ECF No. 36).  The court will transmit them to the United States

Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Defendants Sacramento County, Scott Jones, Rider, Massa, Andris, Pattison, and Reed will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims identified above without prejudice.

7. If plaintiff elects to file an amended complaint to cure the deficiencies noted in this order, he shall do so within 30 days of the date of service of this order.

8. Plaintiff's motion for an order granting library access (ECF No. 30) is denied without prejudice.

DATED: April 27, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4                             UNITED STATES DISTRICT COURT
5                          FOR THE EASTERN DISTRICT OF CALIFORNIA
6
7  | JASEN LYNN DUSHANE,                    No.  2:13-cv-2518 EFB P
8  |            Plaintiff,
9  |        v.                              NOTICE OF SUBMISSION OF
                                            DOCUMENTS
10 | SACRAMENTO COUNTY JAIL, et al.,
11 |            Defendants.
12

13        In accordance with the court's Screening Order, plaintiff hereby elects to:
14        (1) _____  proceed only with the cognizable claims identified in that order against
15 defendants Sacramento County, Scott Jones, Andris, Rider, Pattison, Reed, and Massa, and
16 submits the following documents:
17              __1__       completed summons form
18              __7__       completed forms USM-285
19              __8__       copies of the endorsed March 2, 2015 "supplemental" complaint
20 OR
21        (2) _____  delay serving any defendant and files an amended complaint in accordance
22 with the court's Screening Order.
23 Dated:                                        _____
24                                                              Plaintiff
25
26
27
28
                                            12