UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASEN LYNN DUSHANE, | No. 2:13-cv-2518-EFB P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding without counsel in this civil rights action concerning events that occurred while he was housed at the Sacramento County Main Jail ("SCMJ").[1]  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).  Plaintiff's prior three amended complaints have been dismissed with leave to amend under the court's screening obligation.  Pursuant to the latest screening order, plaintiff has submitted a seventh amended complaint.  ECF No. 37.

---

[1] The court noted in prior screening orders that it is not clear whether suits brought by a federal inmate against employees at a local correctional facility housing federal prisoners pursuant to contract with the federal government should be brought under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) or 42 U.S.C. § 1983.  For the purposes of screening only, the court allows plaintiff's claims to proceed as potentially cognizable under either § 1983 or *Bivens* and defers determination of the proper vehicle for this suit until later proceedings with appropriate briefing from both sides on the question.  The court therefore denies plaintiff's May 11, 2015 "motion in support of jurisdiction" (ECF No. 40) without prejudice as premature.

1

## I. Screening Pursuant to 28 U.S.C. § 1915A

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

For the limited purposes of § 1915A screening and liberally construed, the complaint states potentially cognizable claims against all defendants.

## II.     Plaintiff's Motions for an Order Granting Library Access

Plaintiff has filed a motion seeking a court order compelling staff at his current institution of incarceration (Northern Nevada Correctional Center) to allow him physical access to the law library.  ECF No. 30.  According to plaintiff, that institution allows physical access only with a court order and otherwise provides a paging system through which inmates can request library materials from untrained inmate law clerks.

Rather than seeking some early remedy from defendants for a wrong alleged in this action, plaintiff's motion seeks an order compelling a non-party to take a course of action plaintiff believes will be necessary for the fair litigation of this case.  This request is thus not for a preliminary injunction in the traditional sense, but is more correctly viewed as a request for an interlocutory order that this court is authorized to issue under the All Writs Act, 28 U.S.C. § 1651.  *See, generally, Fitzpatrick v. California City*, No. 1:96-CV-5411 AWI SMS, 2014 U.S. Dist. LEXIS 67950, at *15-16 (E.D. Cal. May 16, 2014).

The All Writs Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. 1651(a).  It is meant to aid the court in the exercise and preservation of its jurisdiction. *Plum Creek Lumber Company v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. New York Telephone Co*., 434 U.S. 159, 174 (1977).

To obtain an order under the All Writs Act, the requested order must be "necessary."  This language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999).

Plaintiff alleges that the law library supervisor at his institution of incarceration (Northern Nevada Correctional Center) has denied him "copy work," "supplies," and physical access to the

3

1  library in connection with this action because it is not an "active N.V. case."  ECF No. 42.
2  Plaintiff also alleges that his legal research is impeded by a constitutionally-suspect paging
3  system similar to that described in *Koerschner v. Warden*, 508 F. Supp. 2d 849 (D. Nev. 2007).
4  ECF No. 39.  Plaintiff indicates that he would like to file a lawsuit alleging violation of his right
5  of access to courts in the Sacramento County Superior Court, but that that court has ignored his
6  request for forms.  *Id.*  Plaintiff asks the court to order (1) the Nevada Department of Corrections
7  and law librarian Pauline Simmons to provide him physical access to the law library during
8  normal hours of operation along with copy work and supplies and (2) to order the state superior
9  court to provide him all necessary forms and "accept late lawsuit as it is timed out for lack of
10 forms."  ECF Nos. 39, 42.

11         Plaintiff's papers do not describe with any specificity his level of access to the library,
12 what restrictions have been placed on that access, or what supplies and copies plaintiff has needed
13 but been refused.  Accordingly, the court cannot determine at this time whether the order plaintiff
14 requests is "necessary."  However, it is possible that plaintiff's brevity is due to his limited
15 supplies and library access.  In light of that possibility and plaintiff's pro se status, the warden of
16 Northern Nevada Correctional Center, Isidro Baca, or his designee is directed to file a declaration
17 in this action detailing plaintiff's law library access, including whether plaintiff is permitted to
18 physically access the library and how often and what supplies plaintiff is provided to allow him to
19 litigate this action.  The court will defer ruling on plaintiff's request for an order directing prison
20 officials to afford him greater access until receipt of that declaration.

21         Plaintiff's request for an order directing the state superior court to send him forms and rule
22 that his case is timely is denied.  The court lacks jurisdiction to issue such an order to a state
23 court.  *Demos v. United States Dist. Court*, 925 F.2d 1160, 1161 (9th Cir. 1991).

24    **III.   Order**
25       1. Accordingly, it hereby is ordered that:
26       2. Service is appropriate for defendants Sacramento County, Sheriff Scott Jones, Rich
27          Rider, Andris, Phil Massa, Pattison, Solokalov, and Steve Steed.
28 /////

3. The Clerk of the Court shall send plaintiff eight USM-285 forms, one summons, an instruction sheet and one copy of the May 6, 2015 seventh amended complaint.

4. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 form and nine copies of the endorsed May 6, 2015 seventh amended complaint.

5. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.  Failure to comply with this order may result in this action being dismissed.

6. Plaintiff's "motion in support of jurisdiction" (ECF No. 40) is denied without prejudice.

7. Plaintiff's motion for an order directing the Sacramento County Superior Court to send him forms and accept his lawsuit as timely (contained in ECF No. 42) is denied. The court defers ruling on the remaining requests contained in ECF No. 42 and on the motion appearing at ECF No. 39 pending receipt of further information from the warden of Northern Nevada Correctional Facility.

8. Within 30 days of the date of this order, Warden Isidro Baca or his designate shall file a declaration with the court detailing plaintiff's law library access, including whether plaintiff is permitted to physically access the library and how often and what supplies plaintiff is provided to allow him to litigate this action.  The Clerk of Court is directed to serve a copy of this order on Warden Baca via U.S. mail at P.O. Box 7000, Carson City, Nevada, 89702 and via facsimile at (775) 887-9267.

DATED: October 19, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASEN LYNN DUSHANE,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>Defendants. | No.  2:13-cv-2518 EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff hereby submits the following documents:

    1    completed summons form

    8    completed forms USM-285

    9    copies of the endorsed May 6, 2015 seventh amended complaint.

Dated:                     _____

                           Plaintiff